[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiff seeks damages to a stone wall alleged to have been sustained during the course of the development of a building lot abutting his property by the defendant.
It is the plaintiff's claim that he has been the owner of his residence located on Coram Road in the town of Shelton for approximately 18 years and that his lot was bounded by a stone wall. In 1992 the defendant commenced to prepare property which he had just acquired and which adjoins the plaintiff's property for construction of a private residence. It is the plaintiff's claim that the defendant employed heavy equipment to alter the topography and in so doing piled rocks and dirt against the wall and dislodged portions of the wall. The stone wall consisted of loose rocks or boulders piled on top of one another without cement in between so that if a rock at the base of the wall was disturbed it necessarily would have impacted on the surrounding area. From exhibits offered by the plaintiff; a number of photographs, the nature and extent of the claimed damage is clearly demonstrated. Rocks were dislodged from both the top and bottom of the wall resulting in a collapse of the wall in spots and removal of lateral support on the plaintiff's property. The plaintiff offered a mason contractor to testify regarding the cost to restore the wall to its prior condition. There were other boundary walls on the plaintiff's property and he expressed his opinion that to restore the wall in the area that the plaintiff pointed out as having been damaged by the defendant would cost $6,120. This repair would restore the wall to a state consistent with the appearance of the walls on the balance of the plaintiff's property. The wall to be repaired was 175 feet long by two feet wide and three feet high. It would require the CT Page 5261-NNNNN removal and replacement of the stones disturbed by the construction in order to effect the repairs.
Lawrence Ellis, the president and owner of the defendant E 
E Builders, acknowledged that certain site development was undertaken by his company but denied being the cause of any damage to the wall in question. He however did offer to repair the wall if the plaintiff showed him where it was damaged, but the plaintiff failed to do so.
The defendant offered as a witness one Fred Damico of Oxford, Connecticut. Mr. Damico was hired to survey the property prior to the commencement of construction in order to locate the property line. It was his conclusion from his research and measurements that the stone wall in question formed the property line or boundary between the two properties. The center line of the wall constituted the property line so that the wall as built was on both properties and could be considered a division fence. Section47-43 of the Connecticut General Statutes imposes an obligation on proprietors of division fences to keep and maintain such fences on an equal basis. The fence in question here was thought by Mr. Damico to be 100 to 200 years old and whether it was intended to be a division fence is open to question. It obviously was located according to Damico to mark the boundary between the abutting properties. It follows that neither property owner is free to alter the wall on his premises to such an extent that it affects the wall on the premises of his abutter without being responsible for any harm sustained by the abutter by so doing.
It is the conclusion of this court that the stone wall in question was damaged by the actions of the defendant in preparing his property for development. The evidence before the court as to the extent of the damage is that of the contractor offered by the plaintiff who testified that the cost of repairing the wall would be $6,120. This estimate, appearing reasonable on its face, is accepted by the court as the measure of damages sustained by the plaintiff as a result of the defendant's actions and, accordingly, judgment for the plaintiff on the complaint may enter in the amount of $6,120 plus costs.
George W. Ripley, Judge CT Page 5261-OOOOO